CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

7-01-2021

JULIA C. DUDLEY, CLERK
BY: K Ayersman
  DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION
JULY 2021 SESSION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Case No.: 7:21cr24 |
| | : | |
| v. | : | **INDICTMENT** |
| | : | |
| CATALIN PUSCASU | : | In violation of: |
| ZOLTAN SIMON | : | |
| IOANA-CRISTINA PAVEL & | : | 18 U.S.C. § 371 |
| SANDOR SIPOS | : | 18 U.S.C. § 1344 |
| | : | 18 U.S.C. § 1028A |
| | : | 18 U.S.C. § 1029(a) |
| | : | 18 U.S.C. § 2 |

THE GRAND JURY CHARGES THAT:

## General Allegations and Definitions

At all times material to this Indictment:

1. The deposits of Member One Federal Credit Union (also referred to herein as "Member One") were federally insured by the National Credit Union Administration.

2. The deposits of ValleyStar Credit Union (also referred to herein as "ValleyStar") were federally insured by the National Credit Union Administration.

3. The deposits of Fidelity Bank were insured by the Federal Deposit Insurance Corporation.

4. The deposits of Bank of the James were insured by the Federal Deposit Insurance Corporation.

5. The deposits of Farmer's Bank of Appomattox were insured by the Federal Deposit Insurance Corporation.

1

6. The deposits of HomeTrust Bank were insured by the Federal Deposit Insurance Corporation.

7. The deposits of United Bank were insured by the Federal Deposit Insurance Corporation.

8. "Personal Identifying Information (PII)" includes all means of identification which may be used alone or with other information to identify a specific individual, such as a credit card account number or a driver's license number, as well as any other unique personal identifying information.

9. "Access device" means any card, account number, personal identification number, or other means of account access which can be used, alone or in conjunction with another access device, to obtain money, goods, services or other things of value, or can be used to initiate a transfer of funds.

10. "Unauthorized Access Device" means any access device that is lost, stolen, expired, revoked, canceled, or obtained with intent to defraud.

11. "Counterfeit Access Device" means any access device that is counterfeit, fictitious, altered, or forged, or an identifiable component of an access device.

12. "Produce" includes design, alter, authenticate, duplicate, or assemble.

13. "Traffic" means transfer, or otherwise dispose of, to another, or obtain control of with intent to transfer or dispose of.

14. "Device making equipment" means any equipment, mechanism, or impression designed or primarily used for making an access device or a counterfeit access device.

2

15. "Means of identification" means any name or number that may be used, alone, or in conjunction with any other information, to identify a specific individual, including any unique electronic identification number.

16. "A Personal Identification Number," commonly called PIN, is a number assigned by the issuing financial institution to be used in conjunction with a credit card or debit card in order to facilitate financial transactions at a point of sale (POS) or at an Automatic Teller Machine (ATM). A PIN number is typically a unique number assigned to the cardholder only and not written or engraved on the corresponding card.

## Scheme Overview

17. On a date uncertain but beginning no later than on or about November 24, 2018, and continuing through May 5, 2019, the defendants, CATALIN PUSCASU, ZOLTAN SIMON, IOANA-CRISTINA PAVEL, and SANDOR SIPOS, and others known and unknown to the Grand Jury, worked together to fraudulently obtain personal identifying information (PII), including debit/credit card numbers and corresponding PINs, from bank customers without lawful authority.

18. To facilitate this scheme, the defendants and others utilized access device making equipment, commonly referred to as "skimming devices." The defendants and others installed these devices, along with small hidden cameras (referred to as pinhole cameras), without authorization, onto ATMs used by customers of financial institutions to capture victims' means of identification including bank account numbers and PINs.

19. The skimmers were inserted deep into the card reader, such that it was not visible to the victim, and would capture the information on the magnetic stripe on the

back of the victims' cards when they used the ATMs. This information was then re-encoded onto counterfeit or cloned cards. The pinhole cameras, which were, similarly hidden allowed the defendants and others to capture the victims' PIN as they continued with their transaction.

20. The defendants and others known and unknown to the Grand Jury then recovered the "skimming devices" and pinhole cameras and used the data captured to create counterfeit access devices, commonly referred to as re-encoded or cloned cards. They then used these cards, in conjunction with the stolen PINs, to make unauthorized withdrawals from customer bank accounts for their personal gain.

## COUNT ONE
### (Conspiracy)

21. The allegations contained in paragraphs 1 through 20 are incorporated into this Count by reference.

22. Beginning in or about November 2018 and continuing thereafter until on or about March 2019, in the Western District of Virginia and elsewhere, the defendant CATALIN PUSCASU, and other persons both known and unknown to the Grand Jury, did knowingly, unlawfully, and willfully combine, conspire, confederate, and agree with each other and with other persons, to commit certain offenses against the United States, to wit:

    a. Execute a scheme to defraud federally insured financial institutions as defined in Title 18, United States Code, Section 20, and to obtain money owned by and under the control of such financial institutions by means of false and

4

fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Section 1344.

b. Knowingly and with intent defraud, produce, use or traffic in one or more counterfeit access devices, such conduct affecting interstate or foreign commerce in violation of 18 U.S.C. § 1029(a)(1).

c. Knowingly and with intent to defraud traffic in or use one more unauthorized access devices and that by such conduct a member of the conspiracy obtained anything of value aggregating $1,000 or more during a one year period, and that such conduct affected interstate and foreign commerce in violation of 18 U.S.C. § 1029(a)(2).

d. Knowingly possess and use a means of identification of another person without lawful authority during and in relation to an enumerated felony, to wit, access device fraud in violation of 18 U.S.C. § 1029 and bank fraud in violation of 18 U.S.C. § 1344, in violation of Title 18, United States Code, Section 1028A;

f. To commit all of the foregoing acts as principals and as aiders and abettors, in violation of Title 18, United States Code, Section 2.

### MANNER AND MEANS OF THE CONSPIRACY

23. The manner and means utilized to accomplish the objects of the conspiracy included, among others, are set forth above paragraphs 17 through 20 ("Scheme Overview") and are incorporated herein by reference.

5

## OVERT ACTS

24. In furtherance of the conspiracy and to effect the objects of the conspiracy, the following overt acts, among others, were committed in the Western District of Virginia:

25. From surveillance video, between on or about December 14 and December 16, 2018, CATALIN PUSCASU and a co-conspirator known to the Grand Jury (hereinafter Co-Conspirator 1), were observed checking on a suspected skimming device that had been installed at a Member One ATM in Roanoke, Virginia. On December 15, 2018, victim D. OD used his debit card at this same ATM.

26. From surveillance video, on or about December 23, 2018, Co-Conspirator 1 was observed at a 7-11 in Roanoke, Virginia entering the store and proceeding to an ATM around the same time victim D.OD.'s Member One debit card account and PIN were fraudulently utilized to withdraw $600 from his account at that location.

27. From surveillance video, on or about February 2, 2019, CATALIN PUSCASU is observed placing, and later removing, a skimming device at a ValleyStar Credit Union ATM in Martinsville, Virginia. On February 9, 2019, Co-Conspirator 1 was observed making cash withdrawals at a Wells Fargo ATM in Lynchburg, Virginia, around the same time victim T.Y.'s ValleyStar debit card account and PIN were fraudulently utilized to withdraw $500 from her account at that location.

28. At all times relevant to these events, none of the victims provided the defendants with authority to use their means of identification.

29. All in violation of Title 18, United States Code, Section 371.

6

## COUNT TWO
*(Access Device Fraud: Use of Unauthorized Devices)*

30. The allegations contained in paragraphs 1 through 20 are incorporated into this Count by reference.

31. Between on or about December 15, 2018 and May 5, 2019, in the Western District of Virginia and elsewhere, the defendants, CATALIN PUSCASU, ZOLTAN SIMON, IOANA-CRISTINA PAVEL, and SANDOR SIPOS, as principals and as aider and abettors to each other and others known and unknown to the Grand Jury, knowingly and with intent to defraud, used and trafficked in unauthorized access devices and by such conduct, obtained $1,000 or more, said use and trafficking affecting interstate and foreign commerce.

32. All in violation of Title 18, United States Code, Sections 2 and 1029(a)(2) and (c)(1)(A)(i).

## COUNT THREE
*(Bank Fraud-Member One)*

33. The allegations contained in paragraphs 1 and 8 through 20 are incorporated into this Count by reference.

34. Between on or about December 14, 2018 and December 24, 2018, in the Western District of Virginia, the defendant, CATALIN PUSCASU, as a principal and as aider and abettor to others known and unknown to the Grand Jury, did knowingly and with intent to defraud execute a scheme and artifice to defraud and obtain money, funds, and property owned by and under the custody and control of a financial institution, as that

7

term is defined in Title 18 U.S.C. § 20, to-wit: Member One, by means of materially false and fraudulent pretenses, promises, or representations as described in the allegations contained in paragraphs 17 through 20 of this Indictment.

35. All in violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT FOUR
*(Bank Fraud-Member One)*

36. The allegations contained in paragraphs 1 and 8 through 20 are incorporated into this Count by reference.

37. Beginning on or about January 11, 2019 and concluding on or about February 16, 2019, in the Western District of Virginia, the defendant, CATALIN PUSCASU and ZOLTAN SIMON, as a principals and as aiders and abettors to each other and others known and unknown to the Grand Jury, did knowingly and with intent to defraud execute a scheme and artifice to defraud and obtain money, funds, and property owned by and under the custody and control of a financial institution, as that term is defined in Title 18 U.S.C. § 20, to-wit: Member One, by means of materially false and fraudulent pretenses, promises, or representations as described in the allegations contained in paragraphs 17 through 20 of this Indictment.

38. All in violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT FIVE
*(Bank Fraud-ValleyStar)*

39. The allegations contained in paragraphs 2 and 8 through 20 are incorporated into this Count by reference.

40. Between on or about February 2, 2019 and February 12, 2019, in the Western District of Virginia, the defendants, CATALIN PUSCASU and ZOLTAN SIMON, as a principals and as aiders and abettors to each other and others known and unknown to the Grand Jury, did knowingly and with intent to defraud execute a scheme and artifice to defraud and obtain money, funds, and property owned by and under the custody and control of a financial institution, as that term is defined in Title 18 U.S.C. § 20, to-wit: ValleyStar, by means of materially false and fraudulent pretenses, promises, or representations as described in the allegations contained in paragraphs 17 through 20 of this Indictment.

41. All in violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT SIX
### (Bank Fraud-Fidelity Bank)

42. The allegations contained in paragraphs 3 and 8 through 20 are incorporated into this Count by reference.

43. Beginning on or about February 2, 2019, and concluding on February 26, 2019, in the Western District of Virginia, the defendants, CATALIN PUSCASU and ZOLTAN SIMON, as a principals and as aiders and abettors to each other and others known and unknown to the Grand Jury, did knowingly and with intent to defraud execute a scheme and artifice to defraud and obtain money, funds, and property owned by and under the custody and control of a financial institution, as that term is defined in Title 18 U.S.C. § 20, to-wit: Fidelity Bank, by means of materially false and fraudulent pretenses,

9

promises, or representations as described in the allegations contained in paragraphs 17 through 20 of this Indictment.

44. All in violation of Title 18 United States Code Sections 2 and 1344.

## COUNT SEVEN
*(Bank Fraud-Bank of the James)*

45. The allegations contained in paragraphs 4 and 8 through 20 are incorporated into this Count by reference.

46. On or about January 12, 2019, in the Western District of Virginia, the defendant, CATALIN PUSCASU, as a principal and as aider and abettor to others known and unknown to the Grand Jury, did knowingly and with intent to defraud execute a scheme and artifice to defraud and obtain money, funds, and property owned by and under the custody and control of a financial institution, as that term is defined in Title 18 U.S.C. § 20, to-wit: Bank of the James, by means of materially false and fraudulent pretenses, promises, or representations as described in the allegations contained in paragraphs 17 through 20 of this Indictment.

47. All in violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT EIGHT
*(Bank Fraud-Bank of the James)*

48. The allegations contained in paragraphs 4 and 8 through 20 are incorporated into this Count by reference.

49. Between on or about March 9, 2019, and April 1, 2019, in the Western District of Virginia and elsewhere, the defendants, ZOLTAN SIMON and IOANA-CRISTINA PAVEL, as principals and as aider and abettors to each other and others

known and unknown to the Grand Jury, did knowingly and with intent to defraud execute a scheme and artifice to defraud and obtain money, funds, and property owned by and under the custody and control of a financial institution, as that term is defined in Title 18 U.S.C. § 20, to-wit: Bank of the James, by means of materially false and fraudulent pretenses, promises, or representations as described in the allegations contained in paragraphs 17 through 20 of this Indictment.

50. All in violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT NINE
### (Bank Fraud-Farmer's Bank of Appomattox)

51. The allegations contained in paragraphs 5 and 8 through 20 are incorporated into this Count by reference.

52. Between on or about March 8, 2019, and April 6, 2019, in the Western District of Virginia and elsewhere, the defendants, ZOLTAN SIMON, IOANA-CRISTINA PAVEL, and SANDOR SIPOS, as principals and as aider and abettors to others known and unknown to the Grand Jury, did knowingly and with intent to defraud execute a scheme and artifice to defraud and obtain money, funds, and property owned by and under the custody and control of a financial institution, as that term is defined in Title 18 U.S.C. § 20, to-wit: Farmer's Bank of Appomattox, by means of materially false and fraudulent pretenses, promises, or representations as described in the allegations contained in paragraphs 17 through 20 of this Indictment.

53. All in violation of Title 18, United States Code, Sections 1344 and 2.

11

## COUNT TEN
### *(Bank Fraud-HomeTrust Bank)*

54. The allegations contained in paragraphs 6 and 8 through 20 are incorporated into this Count by reference.

55. On or about May 4, 2019, in the Western District of Virginia, the defendants, ZOLTAN SIMON, IOANA-CRISTINA PAVEL, and SANDOR SIPOS, as principals and as aider and abettors to each other and others known and unknown to the Grand Jury, did knowingly and with intent to defraud execute a scheme and artifice to defraud and obtain money, funds, and property owned by and under the custody and control of a financial institution, as that term is defined in Title 18 U.S.C. § 20, to-wit: HomeTrust Bank, by means of materially false and fraudulent pretenses, promises, or representations as described in the allegations contained in paragraphs 17 through 20 of this Indictment.

56. All in violation of Title 18, United States Code, 1344 and 2.

## COUNT ELEVEN
### *(Bank Fraud-United Bank)*

57. The allegations contained in paragraphs 7 through 20 are incorporated into this Count by reference.

58. On or about April 28, 2019, in the Western District of Virginia and elsewhere, the defendants, ZOLTAN SIMON, IOANA-CRISTINA PAVEL, and SANDOR SIPOS, as principals and as aider and abettors to each other and others known and unknown to the Grand Jury, did knowingly and with intent to defraud execute a scheme and artifice to defraud and obtain money, funds, and property owned by and

under the custody and control of a financial institution, as that term is defined in Title 18 U.S.C. § 20, to-wit: United Bank, by means of materially false and fraudulent pretenses, promises, or representations as described in the allegations contained in paragraphs 17 through 20 of this Indictment.

59. All in violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT TWELVE
### (Access Device Fraud: Possession of 15 or More Counterfeit or Unauthorized Access Devices)

60. The allegations contained in paragraphs 1 through 20 are incorporated into this Count by reference.

61. On or about May 5, 2019, in the Western District of Virginia, the defendants, IOANA-CRISTINA PAVEL knowingly and with intent to defraud, possessed fifteen (15) or more counterfeit and unauthorized access devices, said possession affecting interstate and foreign commerce.

62. All in violation of Title 18, United States Code, Sections 1029(a)(3) and (c)(1)(A)(i).

## COUNTS THIRTEEN THROUGH FIFTEEN
### (Aggravated Identity Theft)

63. The allegations contained in paragraphs 1 through 20 are incorporated into this Count by reference.

64. On or about the dates listed below, in the Western Judicial District of Virginia, the defendant, CATALIN PUSCASU, as a principal and as an aider and abettor to others known and unknown to the Grand Jury, did knowingly and with the intent to

defraud, transfer and possess and use, without lawful authority, a means of identification of another person, belonging to the victims identified by their initials below, during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), to wit: Bank Fraud in violation of Title 18 U.S.C. § 1344 as set forth in Counts 1, 3, 5, and 7 of this Indictment and Access Device Fraud in violation of Title 18 U.S.C. § 1029 as set forth in Counts 1 and 2 of this Indictment, knowing that the means of identification belonged to another actual person.

65. All in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

| Count | Date | Victim | Victim's Bank | Last Four Card No. | Location Used |
|---|---|---|---|---|---|
| 13 | 12/23/2018 | D.OD. | Member One | 6539 | 7-11, 5002 Plantation Rd., Roanoke, VA |
| 14 | 1/12/2019 | A.B. | Bank of the James | 0620 | Freedom First, Daleville, VA |
| 15 | 2/9/2019 | T.Y. | ValleyStar | 7843 | Wells Fargo, 21513 Timberlake Rd., Lynchburg, VA |

## COUNTS SIXTEEN THROUGH EIGHTEEN
*(Aggravated Identity Theft)*

66. The allegations contained in paragraphs 1 through 20 are incorporated into this Count by reference.

67. On or about the dates listed below, in the Western District of Virginia, the defendant, ZOLTAN SIMON, did knowingly and with the intent to defraud, transfer and possess and use, without lawful authority, a means of identification of another person, belonging to the victims identified by their initials below, during and in relation to a

14

felony violation enumerated in 18 U.S.C. § 1028A(c), to wit: Bank Fraud in violation of Title 18 U.S.C. § 1344 as set forth in Counts 4, 5 and 10, of this Indictment and Access Device Fraud in violation of Title 18 U.S.C. § 1029 as set forth in Count 2 of this Indictment, knowing that the means of identification belonged to another actual person.

68. All in violation of Title 18, United States Code, Section 1028A(a)(1).

| Count | Date | Victim | Victim's Bank | Last Four Card No. | Location Used |
|---|---|---|---|---|---|
| 16 | 2/10/2019 | C.C. | ValleyStar | 4137 | Freedom First, College Ave., Blacksburg, VA |
| 17 | 2/16/2019 | K.G. | Member One | 2477 | Freedom First, College Ave., Blacksburg, VA |
| 18 | 5/4/2019 | D.T. | HomeTrust | 8675 | Bank of Fincastle, 1245 Roanoke Rd., Daleville, VA |

## COUNTS NINETEEN THROUGH TWENTY-ONE
*(Aggravated Identity Theft)*

69. The allegations contained in paragraphs 1 through 20 are incorporated into this Count by reference.

70. On or about the dates listed below, in the Western District of Virginia, the defendant, IOANA-CRISTINA PAVEL, did knowingly and with the intent to defraud, transfer and possess and use, without lawful authority, a means of identification of another person, belonging to the victims identified by their initials below, during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), to wit: Bank Fraud in violation of Title 18 U.S.C. § 1344 as set forth in Count 10 of this Indictment and Access Device Fraud in violation of Title 18 U.S.C. § 1029 as set forth in Count 2 of this Indictment, knowing that the means of identification belonged to another actual person.

15

71. All in violation of Title 18, United States Code, Section 1028A(a)(1).

| Count | Date | Victim | Victim's Bank | Last Four Card No. | Location Used |
|---|---|---|---|---|---|
| 19 | 5/4/2019 | J.R.B. | HomeTrust | 4633 | Bank of Fincastle, 5192 Lee Highway, Roanoke, VA |
| 20 | 5/4/2019 | R.J.C. | HomeTrust | 4595 | Bank of Fincastle, 614 Lee Highway, Roanoke, VA |
| 21 | 5/5/2019 | S.H.H. | HomeTrust | 6842 | Bank of Fincastle, 614 Lee Highway Roanoke, VA |

## COUNTS TWENTY-TWO THROUGH TWENTY-FOUR
*(Aggravated Identity Theft)*

72. The allegations contained in paragraphs 1 through 20 are incorporated into this Count by reference.

73. On or about the dates listed below, in the Western District of Virginia, the defendant, SANDOR SIPOS, did knowingly and with the intent to defraud, transfer and possess and use, without lawful authority, a means of identification of another person, belonging to the victims identified by their initials below, during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), to wit: Bank Fraud in violation of Title 18 U.S.C. § 1344 as set forth in Count 10 of this Indictment and Access Device Fraud in violation of Title 18 U.S.C. § 1029 as set forth in Count 2 of this Indictment, knowing that the means of identification belonged to another actual person.

74. All in violation of Title 18, United States Code, Section 1028A(a)(1).

16

| Count | Date | Victim | Victim's Bank | Last Four Card No. | Location Used |
|---|---|---|---|---|---|
| 22 | 5/4/2019 | L.B.L. | HomeTrust | 1161 | Bank of Fincastle, 2215 Blue Ridge Blvd. Roanoke, VA |
| 23 | 5/4/2019 | K.V.S. | HomeTrust | 8000 | Bank of Fincastle, 614 Lee Highway, Roanoke, VA |
| 24 | 5/4/2019 | D.A.Y. | HomeTrust | 7451 | Bank of Fincastle, 5192 Lee Highway, Roanoke, VA |

## NOTICE OF FORFEITURE

1. Upon conviction of one or more of the felony offenses alleged in this Indictment, violations of 18 U.S.C. §§ 1344, 1029, and/or a conspiracy to violate said violations, the defendants CATALIN PUSCASU, ZOLTAN SIMON, IOANA-CRISTINA PAVEL, and SANDOR SIPOS, shall forfeit to the United States of America:

> a. any property constituting, or derived from, any proceeds obtained directly or indirectly, as a result of said offenses, pursuant to Title 18, United States Code, Section 982(a)(2)(A) and (B).
>
> b. any personal property used or intend to be used to commit a violation of 18 U.S.C. § 1029, pursuant to 18 U.S.C. § (c)(1)(C).

2. If any of the above-described forfeitable property, as a result of any act or omission of the defendant: described above, as a result of any act or omission of the defendants:

> a. cannot be located upon the exercise of due diligence;
> b. has been transferred or sold to, or deposited with, a third person;
> c. has been placed beyond the jurisdiction of the Court;
> d. has been substantially diminished in value; or
> e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States to seek forfeiture of any other property of the defendant up to the value of the above-described forfeitable property, pursuant to 21 U.S.C. § 853(p).

A TRUE BILL this ___1___ day of July 2021.

_____
FOREPERSON

_____
DANIEL P. BUBAR
ACTING UNITED STATES ATTORNEY

18